Maria Ester MENDEZ; Belica Marisol Garcia–Mendez, Petitioners,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 06–72863.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 28, 2009.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Keith Ian McManus, Esq., Michelle Gorden Latour, Esq., U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Maria Ester Mendez and Belica Marisol Garcia–Mendez, mother and daughter and natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing an appeal from an immigration judge's decision denying their applications for relief under the Nicaraguan and Central American Relief Act ("NACARA"), cancellation of removal, and asylum, withholding of removal,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction, under statute, to review the agency's determination that Mendez was not eligible for NACARA relief because she failed to establish that she timely registered for ABC benefits, and Mendez does not raise a legal or constitutional question that invokes our jurisdiction. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 309(c)(5)(C)(i)–(ii), Pub.L. No. 104–208, 110 Stat. 3009 (1996), *as amended by* Nicaraguan Adjustment and Central American Relief Act of 1997 § 203(a)(1), Pub.L. 105–100, 111 Stat. 2160 (1997) (providing that "[a] determination by the Attorney General as to whether an alien satisfies the requirements of this clause . . . is final and shall not be subject to review by any court"); *see also* 8 U.S.C. § 1252(d) (restoring jurisdiction over questions of law and constitutional questions).

Contrary to petitioners' contention, the BIA neither abused its discretion in denying their unsupported motion to file a late brief, nor inadequately explained its reason for doing so. *See* 8 C.F.R. § 1003.3(c)(1) (BIA has discretion to extend time period for filing of briefs).

■ In their opening brief, petitioners fail to address, and therefore have waived any challenge to, the agency's denial of their applications for cancellation of removal, asylum, withholding of removal, and CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

Petitioners' due process contentions are unavailing.

* Janet Napolitano is substituted for her predecessor Michael Chertoff, Secretary of the De-

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**